IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
DEC 0 6 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WADE H. RIDEN, et al., <br><br> Defendants. | Cause No. CV 18-111-GF-SPW <br><br><br> ORDER |

Plaintiff Fourstar submitted a complaint and motion to proceed in forma pauperis on August 20, 2018.

### I. Motion to Proceed In Forma Pauperis

Fourstar's application shows he cannot afford to pay the full filing fee. The motion will be granted.

### II. Screening

Although Fourstar is now incarcerated, he was not a prisoner at the time he filed the complaint. Because he is proceeding in forma pauperis, the Court must review his complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Fourstar is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added).

### III. Deficiencies in Complaint

#### A. Claim 1

Fourstar alleges that Defendants Alisha Corpron, a Wolf Point police officer, and Angela Mathews, a tribal officer, arrested and detained him for violating tribal law against disorderly conduct and public intoxication on June 17, 2018, at about 1:30 a.m. He appears to allege that Corpron made the arrest and then turned him over to Mathews, who transported him to the Fort Peck Tribes' jail. The arrest and detention were unlawful, he contends, because the officers acted "without criminal jurisdiction" and "pursuant to illegal state-county-city-tribal-federal cross-deputization agreement." Fourstar claims that the resulting tribal court conviction, which allegedly supported a petition to revoke Fourstar's federal supervised release, was invalid for the same reason. He concludes that Defendants Corpron and Mathews, as well as United States Probation Officer Riden and United States

District Judge Christensen, violated his rights under the First Amendment[1] and the "Bad Man Clause of 1868 Fort Laramie Treaty." Compl. (Doc. 2) at 7, 9–10.

The "cross-deputization agreement" is not an agreement but a provision of the Fort Peck Tribes' governing law, equivalent to a section of the United States Code or the Montana Code:

> **State and local law enforcement officials authorized to make arrests.**
> (a) All law enforcement officials vested with general law enforcement authority by the State of Montana, or by any County or City within the boundaries of the Fort Peck Reservation and approved by Executive Board on recommendation of the safety committee, are hereby authorized to arrest Indians on any highway on the Reservation or within the boundaries of the cities of the Reservation for violations of the Tribal Code of Justice. Each jurisdiction shall from time to time submit the names of new law enforcement officials to the safety committee for approval.
> (b) Upon arresting any Indian as authorized by this Section, such law enforcement officials shall promptly deliver the individual to the Tribal Court or to the appropriate tribal law enforcement officers for action under tribal laws.

3 Fort Peck Tribes Comprehensive Code of Justice ("C.C.J.") § 208, *available at* https://fptc.org/comprehensive-code-of-justice-ccoj/ (accessed Dec. 5, 2018); *see also Fort Peck Tribes v. Big Talk*, 3 Am. Tribal Law 356, 357–58 (Fort Peck Ct. Appeals 2001) (Schuster, Ch. J.) (quoting identical provision). The Tribes have, to this limited extent, made the State's agents *tribal* agents and authorized them to

---

[1] Fourstar does not explain why he relies on the First Amendment. But the disposition would not be different under any other provision of the federal Constitution.

3

exercise *tribal* jurisdiction.

The land within the exterior boundaries of the Fort Peck Reservation is "Indian country." *See* 18 U.S.C. § 1151. Unlike the Confederated Salish and Kootenai Tribes of the Flathead Reservation, *see* Mont. Code Ann. § 2-1-301, the Fort Peck Tribes have not "consented to have [Montana] 'assume and exercise' concurrent criminal jurisdiction," nor do state officers "have an express right to come onto the reservation and exercise [state] jurisdiction over Indians." *County of Lewis v. Allen*, 163 F.3d 509, 514 (9th Cir. 1998) (en banc) (describing arrangement between Nez Perce Tribe and State of Idaho). Therefore, when Corpron, an officer for the City of Wolf Point, arrested a tribal member on the Reservation for tribal offenses and turned the tribal member over to a tribal officer for transport to the tribal jail, she necessarily acted under color of tribal law. Mathews, the tribal officer, took the tribal member to tribal jail. She, too, acted under color of tribal law.

Fourstar cannot proceed here against any person acting under color of tribal law. *See, e.g., Pistor v. Garcia*, 791 F.3d 1104, 1114–15 (9th Cir. 2015); *R.J. Williams Co. v. Fort Belknap Housing Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). He fails to state a claim against Defendants Corpron or Mathews.

As for Defendants Riden and Christensen, the petition to revoke Fourstar's supervised release referred to an arrest on June 22 around 6:30 p.m. Fourstar

complains of an arrest on June 17 at about 1:30 a.m. Nothing like that is reflected in the petition, and nothing like it arose at the revocation hearing. *See* Pet. to Revoke (Doc. 249) at 2, Revocation Hr'g Tr. (Doc. 276) at 12:20–14:7, *Fourstar*, No. 4:02-CR-52-GF-DLC. The factual discrepancy is not surprising, as Fourstar filed this lawsuit in an attempt to derail a looming revocation proceeding before it had really begun. The Court is not suggesting Fourstar could state a claim against any of these defendants on a different set of facts, but the facts he alleges plainly fail to state a claim.

Claim 1 is dismissed for failure to state a claim on which relief may be granted.

**B. Claim 2**

Fourstar alleges Defendants Clark, Bauer, Riden, and Racicot "file[d] for criminal charges under 18 U.S.C. § 2250 and/or revocation" of Fourstar's supervised release based on his failure to register as a sex offender. He also alleges that Defendant Christensen "filed charges and arrest warrant." He claims these actions violated his rights under "the non-delegation doctrine," the Ex Post Facto Clause of the Constitution, and the "Bad Man Clause of 1868 Fort Laramie Treaty." *See* Compl. at 11–13.

Fourstar's reference to the non-delegation doctrine together with the Ex Post Facto Clause suggests he is challenging the validity and applicability of legislation

requiring him to register as a sex offender. *See, e.g., United States v. Kebodeaux*, 570 U.S. 387, 391–92, 393 (2013); *United States v. Richardson*, 754 F.3d 1143, 1144–46 (9th Cir. 2014) (per curiam). As stated elsewhere, requiring a person to register as a sex offender under legislation enacted after he has discharged his conviction does not violate the Ex Post Facto Clause, and, at any rate, Fourstar was convicted of aggravated sexual abuse years *after* Congress required persons convicted of that crime to register as sex offenders. The "bad men" provision of the 1868 Fort Laramie Treaty does not say what Fourstar believes it says. *See United States v. Drapeau*, 414 F.3d 869, 877–78 (8th Cir. 2005); Order at 6–9, *Fourstar v. Eliason*, No. 4:16-CV-113-GF-SPW (filed contemporaneously with this Order).

In addition, like his allegations in Count 1, Fourstar's allegations in Count 2 are contrary to the facts. No criminal charge under 18 U.S.C. § 2250 was filed, but a petition to revoke Fourstar's supervised release was filed on August 6, 2018.[2] Failure to register with the Tribes was the last violation alleged. But the petition also alleged that Fourstar used alcohol on June 7 and June 22; was arrested for disorderly conduct and public intoxication on June 22 and was found guilty in tribal court on June 25; failed to report for substance abuse therapy on June 27,

---

[2] An arrest warrant was issued the same day the petition was filed. Fourstar was arrested on August 31. *See* Warrant (Doc. 250); Return (Doc. 251), *Fourstar*, 4:02-CR-52-GF-DLC.

6

July 11, and July 25; missed substance abuse tests on June 28, July 5, and July 25; was terminated from sex offender therapy on July 25; and was charged with theft in tribal court on July 26 for grabbing two cases of beer at a convenience store and running away without paying. At the final revocation hearing, Judge Christensen gave Fourstar "the benefit of the doubt" and did *not* find he had committed another federal, state, or local crime by failing to register. *See* Final Revocation Hr'g Tr. (Doc. 276) at 52:20–54:25.

Claim 2 is dismissed for failure to state a claim on which relief may be granted.

## IV. Opportunity to Amend

The Court has considered whether Fourstar could state a viable claim if given an opportunity to allege additional facts. But missing facts are not the issue. The facts Fourstar alleges do not support a potentially viable claim. None of his allegations can be cured by amendment.

## V. Conclusion

All allegations of the complaint are dismissed for failure to state a claim on which relief may be granted.

Accordingly, IT IS ORDERED:

1. Fourstar's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall amend the docket text to remove the word "Lodged" (Doc. 2).

2. The complaint (Doc. 2) is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

3. The clerk shall enter judgment by separate document.

4. The Court CERTIFIES, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

DATED this 6th day of December, 2018.

*Susan P. Watters*
Susan P. Watters
United States District Judge